IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ANTHONY BERNARD JUNIPER, )  <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> EDDIE L. PEARSON, ) <br> Warden, Sussex I State Prison, ) <br> Respondent. ) | No.  3:11-cv-746 <br> CAPITAL POST-CONVICTION <br> PROCEEDING |

### JUNIPER'S INITIAL BRIEF IN RESPONSE
### TO THE COURT'S MARCH 26, 2012, ORDER,
### IDENTIFYING AND EXPLAINING ISSUES ARISING FROM
### *MARTINEZ V. RYAN* THAT AFFECT THE PRESENT ACTION

COMES NOW Petitioner Anthony Bernard Juniper, and submits the following brief in response to the Court's March 26, 2012, Order (Document Docket Number ("Dkt. #") 50), directing Juniper to identify and explain any issues arising from the March 20, 2012, decision of the Supreme Court of the United States in *Martinez v. Ryan*, No. 10-1001 (Slip opinion ("Slip op.")), that may affect the present action:

1.  On March 20, 2012, the Supreme Court announced its decision in *Martinez*, a § 2254 post-conviction case from Arizona, holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Slip op. at 6. The lower courts had found that under *Coleman v. Thompson*, 501 U.S. 722 (1991), Martinez was prohibited from arguing that "an attorney's errors in a postconviction proceeding [could] qualify as cause for a default." *Id.* at 4. The decision in *Coleman* "left open" the question "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 5. The Court recognized that such circumstances "may justify an

exception to the constitutional rule that there is no right to counsel in collateral proceedings." *Id.* (citing *Coleman* and *Douglas v. California*, 372 U.S. 353, 357 (1963)).

   2. In *Martinez*, the Supreme Court found it unnecessary "to resolve whether that exception exists as a constitutional matter." *Id.* The Court recognized, however, that its decision altered the scope of federal habeas review by adding a new basis upon which a federal court could find "cause" to allow the court to address the merits of otherwise defaulted claims: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Slip op. at 6; *see also id.* at 15 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective.")

   3. Under Virginia law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding. *See, e.g.*, *Johnson v. Commonwealth*, 529 S.E.2d 769, 781 (Va. 2000). In *Martinez*, the Supreme Court held that:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. . . . The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 437 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

Slip op. at 11. As a result, the Court imposed on counsel appointed to represent a federal habeas petitioner the duty to investigate, develop, and present—and imposed on federal courts the duty to address—"claim[s] of ineffective assistance of trial counsel when an attorney's errors (or the

absence of an attorney) caused a procedural default in an initial-review collateral proceeding[.]" *Id.* Federal counsel must investigate and litigate and federal courts must resolve whether initial-review proceedings in state court "may not have been sufficient to ensure that proper consideration was given to a substantial claim" because petitioner's state habeas counsel were constitutionally ineffective. *Id*. The need for effective assistance of counsel at this initial-review collateral proceeding is especially acute because "the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record," and "the right to counsel is the foundation for our adversary system" and "a bedrock principle in our justice system." *Id.* at 9 (citing *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963)).

4. The Court found that, when a State deliberately chooses to move "trial-ineffectiveness claims" from direct appeal where counsel is constitutionally guaranteed, it "significantly diminishes prisoners' ability to file such claims." *Id.* at 10. In the context of this kind of state procedural framework, "counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default," *id.*, and, "as an equitable matter," allows "a federal court to hear [otherwise defaulted] claims of ineffective assistance of trial counsel," *id.* at 11.

5. Thus, *Martinez* holds that Juniper is entitled to develop and present, and this Court is required to review and decide, claims of the denial of the effective assistance of trial counsel, even though these claims were not previously presented to the state court and are defaulted. The Supreme Court noted in *Martinez* that establishing such claims often requires considerable investigation, presentation of evidence outside the appellate record, and consideration of questions of trial strategy, all of which a prisoner would be ill-equipped to

recognize, develop, and present in state collateral proceedings without the adequate assistance of counsel. *Id.* at 9–10. In order to trigger the federal court's obligation to review the merits of these otherwise-defaulted claims, the fruits of a petitioner's investigation and presentation of evidence must show that the "cause" for not previously presenting substantial claims of ineffective assistance of counsel at trial was the ineffective representation of counsel in the initial-review collateral proceeding in state court.

6.   Juniper, however, has not yet had an opportunity to develop and present the claims the Court acknowledged were cognizable in *Martinez*. Prior to the Supreme Court's March 20 ruling in *Martinez*, federal habeas petitioners in this circuit were prohibited from raising ineffective assistance of state post-conviction counsel as "cause" to excuse the application of state procedural default rules to claims not raised in state post-conviction proceedings. *See, e.g.*, *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997) (*en banc*); *Mickens v. Taylor*, 240 F.3d 348, 363 (4th Cir. 2001).

7.   Additionally, Juniper's lead counsel in this Court, Robert Lee, also represented Juniper in his initial-review collateral proceedings in state court (state habeas corpus proceedings). Because Mr. Lee was state habeas corpus counsel, he is conflicted in investigating, developing, and presenting claims that are dependent on assertions that state habeas corpus counsel failed to perform effectively when representing Juniper in state initial-review collateral proceedings. *See, e.g.*, *Alston v. Garrison*, 720 F.2d 812, 816 (4th Cir. 1983); *see also* Part Six of the Rules of the Supreme Court of Virginia, Section II, Virginia Rules of Professional Conduct Rule 1.7. Additional qualified lead counsel should be appointed to take responsibility for this portion of Juniper's federal habeas litigation.[1] Such additional counsel must be qualified to

---

[1] It may not be necessary for additional counsel to replace currently appointed counsel. Should

conduct this independent litigation in this proceeding. *See* 18 U.S.C. § 3599.[2]

8.  *Martinez* expands the scope of cognizable claims federal courts are obligated to address in § 2254 proceedings. Consistent with *Martinez*, 28 U.S.C. § 2254, 18 U.S.C. § 3599, Due Process, and the Eighth Amendment, the Court is obliged to allow Juniper a full and fair opportunity to develop and present substantial claims of the denial of effective assistance of trial counsel that were not raised in initial-review collateral proceedings in state court because "counsel in the proceeding was ineffective," Slip op. at 15. In order to meet this obligation, the Court must appoint qualified counsel to investigate, develop, and present claims that, even if defaulted, are potentially cognizable under the "cause" exception established in *Martinez*.[3]

WHEREFORE, the Court should appoint additional qualified counsel to conduct an independent investigation into the existence of substantial claims of the denial of effective assistance of trial counsel that were not previously presented in initial-review collateral proceedings in state court due to the deficient performance of counsel in the state court

---

additional counsel's investigation fail to identify defaulted claims of the ineffective assistance of trial counsel, or should the Court find that claims developed by additional counsel are not "substantial," *Martinez*, slip op. at 15, it may not be inappropriate for currently appointed counsel to continue to represent Juniper with regard to claims counsel already has raised. But currently appointed counsel is not in a position where they could conduct the independent review and investigation necessary under *Martinez*, or, upon completion of this review and investigation, counsel Juniper on how to proceed in his best interests.

[2] Appointed co-counsel Jacqueline Ford has not previously represented a petitioner, sentenced to death or not, in habeas corpus proceedings in state or federal court, and does not satisfy criteria for appointment as lead counsel pursuant to 18 U.S.C. § 3599.

[3] While it would be premature and inappropriate for undersigned counsel to represent Juniper in asserting the merits of claims that are cognizable under *Martinez*, it is plain that the Warden's Motion to Dismiss relies extensively on arguments that several of Juniper's claims should be dismissed as a matter of law because they were defaulted in initial-review collateral proceedings in state court, *see, e.g.*, Warden's Brief in Support of Motion to Dismiss at 18–19, 22–23, 54, or because of alleged deficiencies in counsel's representation of Juniper in these proceedings in state court, *see, e.g.*, *id.* at 23. To the extent the Court would consider the Warden's arguments, the Supreme Court's decision in *Martinez* directly affects the present action.

proceedings. Upon completion of this investigation, additional qualified counsel should be permitted to consult with Mr. Juniper on how to proceed, including the development, presentation, and consideration of such claims by this Court.

                                                          Respectfully submitted,

                                                    _____/s/_____

| | |
|---|---|
| Jacqueline M. Ford (VSB No. 41829) | Robert Lee, (VSB No. 37410) |
| Bowen Champlin Foreman & Rockecharlie, PLLC | Virginia Capital Representation Resource Center |
| 1919 Huguenot Road | 2421 Ivy Road, Suite 301 |
| Richmond, Virginia 23235 | Charlottesville Virginia 22903 |
| (804) 423-7880 | (434) 817-2970 |
| (804) 379-5407 (fax) | (434) 817-2972 (fax) |
| jford@bowenlawfirm.com | roblee@vcrrc.org |

Counsel for Anthony B. Juniper

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ANTHONY BERNARD JUNIPER,  ) | |
| Petitioner,  ) | |
| )  | |
| v.  ) | No.  3:11-cv-746 |
| ) | CAPITAL POST-CONVICTION |
| ) | PROCEEDING |
| EDDIE L. PEARSON,  ) | |
| Warden, Sussex I State Prison  ) | |
| Respondent.  ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 5, 2012, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

        Katherine B. Burnett
        Senior Assistant Attorney General
        Office of the Attorney General
        900 East Main Street, Richmond, Virginia 23819
        kburnett@oag.state.va.us

        _____/s/_____

        Robert Lee, VSB 37410
        Virginia Capital Representation Resource Center
        2421 Ivy Road, Suite 301
        Charlottesville VA 22903
        (434) 817-2970
        (434) 817-2972 (fax)
        roblee@vcrrc.org
        Counsel for Anthony B. Juniper