IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANTHONY BERNARD JUNIPER,
          *Petitioner*,

v.                                              Civil Action No. 3:11-cv-00746

DAVID W. ZOOK,
*Warden, Sussex I State Prison*
          *Respondent*.

## OPINION

The petitioner, Anthony Juniper ("Juniper"), moves under Rule 59(e) to alter or amend this Court's August 3, 2015 order dismissing Juniper's Petition for Writ of Habeas Corpus. This Court held that Juniper could not make out a claim for ineffective assistance of counsel. Juniper asserts that Rule 59(e) relief is appropriate in light of two cases pending before the Fourth Circuit, because they may create changes to existing Virginia law, which would aid in his ineffective assistance of counsel claim. He asks this Court hold his case in abeyance until the resolution of those cases, or to reconsider its denial of a certificate of appealability to the Fourth Circuit. The Court DENIES Juniper's Rule 59(e) motion in its entirety because it fails to assert that new evidence exists, there is a change in controlling law, or granting the motion is necessary to prevent manifest injustice. The Court also DENIES Juniper's request to reconsider its denial of a certificate of appealability. Juniper may request a certificate of appealability from the United States Court of Appeals for the Fourth Circuit.

## I. FACTS AND PROCEDURAL HISTORY

This Court summarized the facts of Juniper's state murder case in its August 3, 2015 Memorandum Opinion.  In short, a jury convicted Juniper on four counts of capital murder and other felony charges related to the quadruple homicide of Ms. Keshia Stephens, her younger brother Reuben Harrison, III, and her two daughters Nykia and Shearyia Stephens.  A Norfolk jury sentenced him to death for each of the convictions.  After numerous unsuccessful appeals, Juniper filed for federal habeas relief under 28 U.S.C. § 2254.  This Court dismissed his petition in its March 29, 2013 Order, and Juniper appealed to the Fourth Circuit.

The Fourth Circuit vacated part of this Court's decision and remanded the case.  This Court appointed independent counsel to investigate Juniper's *Martinez* claims, and granted leave for him to file an amended habeas petition.  Juniper's amended habeas petition asserted three claims of ineffective assistance of counsel.  The relevant claim to this motion alleged that his state trial attorney's failure to object to the state court's exclusion of expert testimony regarding Juniper's future dangerousness if imprisoned for life without parole constituted ineffective assistance of counsel.  This Court granted the respondent's motion to dismiss.  Juniper filed a timely Rule 59(e) motion.

Juniper bases his Rule 59(e) motion on two cases that were pending before the Fourth Circuit at the time of his motion, *Porter v. Zook*, 14-5 (4th Cir. Oct. 20, 2015), and *Morva v. Zook*, 15-1 (4th Cir. appeal docketed May 14, 2015).  The petitioners in both cases argue that a capital murder defendant has a right to present expert mitigation testimony to show that he will not pose a future danger if sentenced to life in prison without the possibility of parole.[1]  Juniper

---

[1] Petitioner concedes that the petitioner in *Porter* did not assert that the expert testimony would "focus on the particular facts of [his] history and background, and the circumstances of his offense." (Dk. No. 156, 3 (quoting *Porter v. Commonwealth*, 661 S.E.2d 415, 440 (Va. 2008).)

essentially argues that the Fourth Circuit *may* overrule Virginia's precedent and find admissible expert mitigation testimony regarding the defendant's future dangerousness in prison.

## II. LEGAL STANDARD

Under Rule 59(e), an aggrieved party may move to alter or amend a judgment within 28 days of its entry.  Fed. R. Civ. P. 59(e); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing previous 10-day filing deadline that was changed in 2009 amendments).  The Fourth Circuit holds that such relief is appropriate only to "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (quoting *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)).  Rule 59(e) is not a vehicle for a petitioner to merely relitigate the previously decided issues. *Delong v. Taylor*, 790 F. Supp. 594, 618 (E.D. Va. 1991) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 888 (E.D. Va. 1977)).  Finally, amending or altering a judgement under Rule 59(e) is an extraordinary remedy that should be utilized sparingly. *Pacific Ins. Co. v. Am. Nat'l. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## III. DISCUSSION

Juniper argues that his counsel failed to mount a constitutional challenge to the trial court's exclusion of expert mitigation testimony about his future dangerousness if imprisoned for life without parole.  This argument does not meet any of the three possible rationales under *Zinkand* for a proper Rule 59(e) motion.  Juniper does not present any new evidence in his case. He filed this Rule 59(e) motion on the basis that the Fourth Circuit *may* overrule Virginia Supreme Court precedent in either the *Porter* or the *Morva* cases.  While the Fourth Circuit has not ruled in *Morva*, a three-judge panel decided *Porter* in October 2015.  The Court dismissed

the prisoner's petition and remanded the case to the district court without addressing the points Juniper addresses in his Rule 59(e) motion. *Porter v. Zook*, 803 F.3d 694 (4th Cir. 2015).

The Virginia Supreme Court affirmed the exclusion of mitigation evidence of future dangerousness in prison and relied on well-established Virginia Supreme Court precedent to do so. *See Juniper v. Commonwealth*, 271 Va. 362, 424-28 (Va. 2006) (citing cases). No Fourth Circuit precedent recognizes a speculative change in law as a proper basis for altering or amending a judgment under Rule 59(e). Further, one of the cases Juniper speculated might change the law was dismissed without doing so. Finally, Juniper provides no basis for this Court to conclude that granting the motion will prevent manifest injustice.

Juniper's motion appears to be closer to a disagreement with this Court's decision and controlling Virginia precedent, than a proper procedural criticism of an erroneous decision. *See Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (detailing the difference between injustice due to a clear error of law, and a litigant's mere disagreement with the law). A mere disagreement with controlling law or the Court's decision does not constitute a proper basis for altering or amending a judgment under Rule 59(e).

## IV. CONCLUSION

The Court did not err in dismissing Juniper's amended petition. The motion presents no new evidence, postulates no change in controlling law, and provides no basis to conclude that granting the motion will prevent manifest injustice. It merely states a disagreement with controlling Virginia law, and a speculative hope that the Fourth Circuit will alter that law. Accordingly, this Court DENIES Juniper's motion. This Court also DENIES his request for

reconsideration of the Court's denial of his certificate of appealability.  Juniper may request a certificate of appealability from the United States Court of Appeals for the Fourth Circuit.[2]

The Court will enter the appropriate order.

Date:   February 2, 2016
        Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] This request should proceed as an appeal under 28 U.S.C. § 2253(a).